IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-180-H

NORRIS FOSTER, NOAH ALPERN, )
and LOUIS ALPERN, Individually )
and on Behalf of all Others )
Similarly Situated, )
)
    Plaintiffs, )
)
)
v. )
)
)
GEORGE B. ABERCROMBIE, ADRIAN ) **ORDER**
ADAMS, KIP A. FREY, ALAN F. )
HOLMER, NANCY J. HUTSON, PH.D., )
RICHARD S. KENT, M.D., KENNETH )
B. LEE, JR., JONATHAN S. LEFF, )
INSPIRE PHARMACEUTICALS, INC., )
MERCK & CO, INC., and MONARCH )
TRANSACTION CORP., )
)
    Defendants. )

This is one of six purported shareholder class action suits[1] brought to stop a corporate takeover of Inspire Pharmaceuticals, Inc., by defendant Monarch Transaction Corp., a subsidiary of Merck & Co., Inc. The other five actions were all filed in the Delaware Court of Chancery and were consolidated by that court ("the Delaware actions"). On April 29, 2011, the parties to the

---

[1] Although this action is styled as a class action suit brought on behalf of Inspire shareholders, plaintiffs have not sought to have the action certified as a class action lawsuit.

Delaware actions reached a settlement and, on May 3, 2011, entered into a Memorandum of Understanding regarding the settlement. Notice of the class action suit and proposed settlement was provided to affected shareholders (including plaintiffs), and a class action settlement hearing was held by the Delaware Chancery Court on January 27, 2012.

Neither plaintiffs nor any other class members appeared at the hearing for the purpose of objecting to the settlement; and, on April 12, 2012, the Delaware Chancery Court entered an order and final judgment certifying the class and approving the class action settlement. Pertinent to instant litigation, the Delaware Chancery Court approved the parties' inclusion of a general release of claims and dismissed with prejudice the class members' "claims . . . actions or causes of action . . . suits, matters and issues of any kind or nature whatsoever, . . . that have been or could have been asserted or in the future might be asserted in the Action or in any court, tribunal or proceeding . . . which the plaintiffs or any member of the Class ever had, now has or hereafter can, shall or may have by reason of, arising out of, relating to or in connection with the" merger that is the subject of the action pending before this court. The Delaware Chancery Court further enjoined all class members "from commencing, instituting or prosecuting any action or other proceeding, in any forum, asserting any [such claim] against any

2

of the Released Parties" except for an action to enforce the class settlement or for statutory appraisal. Plaintiffs in the instant action are members of the plaintiff class in the Delaware litigation.

## COURT'S DISCUSSION

The Delaware Chancery Court's order and judgment is entitled to the full faith and credit of this court. See Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367 (1996) (applying Full Faith and Credit Act to give preclusive effect to state judgment entered upon class action settlement of federal claims). The order was entered following notice to the class members and a hearing at which class members were given the opportunity to be heard. There has been no suggestion that the Delaware Chancery Court's order is constitutionally infirm and this court must, therefore, give the judgment "the same respect that it would receive in the courts" of Delaware. Matsushita, 516 U.S. at 373.

Plaintiffs' claims in this action fall within the scope of the claims dismissed with prejudice by the Delaware Chancery Court, as well as the Delaware Chancery Court's injunction. Under Delaware law, the judgment would have preclusive effect. See In re MCA, Inc., 598 A.2d 687 (Del. Ch. 1991) ("When a state court settlement of a class action releases all claims which arise out of the challenged transaction and is determined to be

3

fair and to have met all due process requirements, the class members are bound by the release or the doctrine of issue preclusion. Class members cannot subsequently relitigate the claims barred by the settlement in a federal court."). Consequently, plaintiffs' claims in the instant action are barred.

## CONCLUSION

For the foregoing reasons, plaintiffs' claims are DISMISSED in their entirety. The clerk is directed to close this case.

This 28TH day of March 2013.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31

4